UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR ABREU MORENO,

                              Plaintiff,

            -v.-

NFI INTERACTIVE LOGISTICS, LLC, et al.,

                              Defendants.

23 Civ. 5968 (JHR)

MEMORANDUM OPINION AND
ORDER

JENNIFER H. REARDEN, District Judge:

On July 12, 2023, Defendants NFI Interactive Logistics, LLC and Sebastian Ortiz

Herrera removed this action from the Supreme Court of New York, Bronx County.[1]  *See* ECF

No. 1 (Not. of Removal).  Defendants invoke the Court's diversity jurisdiction pursuant to 28

U.S.C. § 1332(a).  *Id.* ¶ 3.

For the reasons set forth below, this case is REMANDED to the Supreme Court of New

York, Bronx County.

## I.      BACKGROUND

On January 12, 2023, Plaintiff Victor Abreu Moreno commenced this action in the

Supreme Court of New York, Bronx County.  *See* ECF No. 1 Ex. A (Complaint).  Plaintiff seeks

damages for injuries allegedly sustained in a July 22, 2022 motor vehicle accident involving a

vehicle owned by Defendant NFI Interactive Logistics, LLC (NFI LLC) and operated by

Defendant Sebastian Ortiz Herrera.  *Id.*

The Notice of Removal, filed July 12, 2023, attached as exhibits (A) Plaintiff's Summons

and Verified Complaint; (B) the affidavit of service of the Summons and Complaint; (C)

---

[1] Although the Notice of Removal was filed by both Sebastian Ortiz Herrera and NFI Interactive
Logistics, LLC, *see* ECF No. 1 at 1, and the Complaint names Herrera as a defendant, *see id.* Ex.
A, Herrera has not been entered as a defendant on ECF.

Defendants' Answer to the Complaint; (D) Defendants' discovery demands, including a Demand

for Damages and a Request to Admit; (E) Plaintiff's Response to Defendants' Demands; (F)

Plaintiff's Verified Bill of Particulars; (G) the "MV-104 Report of Motor Vehicle Accident"

from the July 22, 2022 incident; and (H) "Entity Information" regarding NFI LLC from New

York State, Department of State, Division of Corporations.  *See* ECF Nos. 1-1 (Ex. A); 1-2 (Ex.

B); 1-3 (Ex. C); 1-4 (Ex. D); 1-5 (Ex. E); 1-6 (Ex. F); 1-7 (Ex. G); 1-8 (Ex. H).

## II.    LEGAL STANDARDS

Removal jurisdiction exists only if the action is one over which the district court would

have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  Diversity jurisdiction lies where there is

complete diversity of citizenship among the parties and the amount in controversy exceeds

$75,000.  *Id.* § 1332(a).

"[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of

demonstrating that the grounds for diversity exist and that diversity is complete."  *Herrick Co. v.*

*SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting *Advani Enters., Inc. v.*

*Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).  "[C]ourts 'have an independent

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a

challenge from any party.'"  *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019)

(quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Durant, Nichols,*

*Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a

fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to

disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen*

*Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))).  "If at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

The record before the Court fails to establish diversity of citizenship.

First, the Notice of Removal asserts that Plaintiff is a citizen of New York because Plaintiff "never responded, objected to or moved with respect to [Defendants'] Request to Admit," which "sought to have [P]laintiff admit that, at that [sic] the time of the cause of action which gives rise to this action (i.e., July 22, 2022), plaintiff was a citizen of the State of New York." Not. of Removal ¶ ¶ 9-11. "Plaintiff[]'s silence" in response to Defendants' Request to Admit, however, "does not relieve Defendants of their burden to set forth facts in their notice of removal establishing [ ] jurisdiction[]." *Santamaria v. Krupa*, No. 15 Civ. 6259 (DLI), 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) (remanding case *sua sponte*); *cf. Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 n.1 (2d Cir. 1993) ("Graven in stone is the maxim that parties cannot confer jurisdiction on a federal court by consent or stipulation." (citation omitted)). In any event, the Notice of Removal misses the mark by asserting Plaintiff's citizenship (i.e., New York) "as of the time of [sic] this cause of action arose," Not. of Removal ¶ 12, instead of "a[s] [of] the time [ ] the action was commenced in state court and a[s] [of] the time of removal," *Mitchell v. City Express Limousine, LLC*, No. 17 Civ. 4490 (SHS), 2017 WL 2876313, at *2 (S.D.N.Y. July 6, 2017).

Second, Plaintiff's Complaint avers only that Plaintiff is "a resident of the state of New York," Complaint ¶ 1, which flies in the face of the "well-established" rule that "allegations of residency alone cannot establish citizenship." *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022) (remanding case *sua sponte* where

complaint merely alleged that plaintiff was "an individual residing in [ ] Puerto Rico" and that the two individual defendants were "both [ ] believed to be residing in San Francisco, California" (citation omitted)).

In sum, the allegations in the Notice of Removal and the Complaint fall short of establishing Plaintiff's citizenship.  *See Ymbras v. Inserra Supermarkets, Inc. et al.,* No. 24 Civ. 00066 (PMH), 2024 WL 532716, at *2 (S.D.N.Y. Jan. 10, 2024) (remanding case *sua sponte* because "[p]laintiff's failure to respond to [d]efendants' Notice to Admit is insufficient to establish citizenship for jurisdictional purposes[,]" and the "allegations in the [c]omplaint [ ] concern[ing] [p]laintiff's residence [ ] are likewise insufficient to establish his citizenship for jurisdictional purposes.").

The record also fails to establish Defendants' citizenship.  A limited liability company (LLC) "takes the citizenship of each of its members."  *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  And, "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).  An LLC with a partnership as its sole member "is a citizen of every state of which [the member's] partners are citizens."  *Id.* at 616.  The Notice of Removal asserts that Defendant NFI LLC is "owned by NFI, L.P., a Delaware corporation with its principal place of business in Camden, New Jersey."  Not. of Removal ¶ 14.  The Notice of Removal does not identify the partners in NFI, L.P.—much less their states of citizenship—thereby leaving the citizenship of Defendant NFI LLC unknown.  *See Reed v. Marvin Lumber & Cedar Co., LLC*, No. 22 Civ. 09701 (PMH), 2022 WL 16960963, at *2 (S.D.N.Y. Nov. 16, 2022) (remanding case *sua sponte* where "[t]he

Notice of Removal fail[ed] to adequately allege the citizenship of defendant [LLC] in that it d[id] not set forth the citizenship of that limited liability company's members.").

Finally, although "diversity of citizenship must exist both at the time that the action was commenced in state court and at the time of removal," *Mitchell v. City Express Limousine, LLC*, No. 17 Civ. 4490 (SHS), 2017 WL 2876313, at *2 (S.D.N.Y. July 6, 2017), the Notice of Removal asserts Defendant Herrera's citizenship (i.e., New Jersey) "as of the time this cause of action arose," Not. of Removal ¶ 12 (emphasis added).

Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citation omitted). They "'are not free to speculate' on [the] citizenship [of the parties] without further evidence." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618 n.3 (citation omitted). Defendants' allegations regarding the citizenship of the parties fail to "'establish[] jurisdiction' . . . by a 'preponderance of evidence.'" *Id.* at 617 (citation omitted). Under these circumstances, the Court can either "remand[] the case to state court because [the removing party] ha[s] failed to allege complete diversity of citizenship" or "exercise[ ] its discretion to order further discovery to determine whether there [i]s complete diversity of citizenship." *Id.* at 618. "[S]uch discretion should be exercised with caution. . . . [as] [r]emoval procedures seek a rapid determination of the proper forum for adjudicating an action." *Id.*; *see Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309 (VSB), 2022 WL 683996, at *2 (S.D.N.Y. Mar. 8, 2022) (remanding case *sua sponte*, "out of respect for 'the congressional intent to restrict federal court jurisdiction,'" where the notice of removal and complaint only alleged plaintiff's residence and lacked sufficient allegations to establish citizenship of the corporate entity defendant).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their burden of establishing complete diversity of citizenship.  Accordingly, this action is REMANDED to the Supreme Court of New York, Bronx County.  The Clerk of Court is directed to terminate all open motions, send a copy of this Order to the Supreme Court of New York, Bronx County, and close the case.

SO ORDERED.

Dated: February 28, 2024
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge